<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re IRENE H. LIN,<br><br>      Debtor, | Bankruptcy Action No. 13-20829 (KCF) |
| IRENE H. LIN,<br><br>      Appellant,<br><br>    v.<br><br>BARRY R. SHARER,<br><br>      Appellee. | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 16-0931 (MAS)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

  This matter comes before the Court on Appellant Irene H. Lin's ("Debtor") appeal from the Bankruptcy Court's Order dated February 10, 2016 (the "Lease Order"). (Notice of Appeal, ECF No. 1.) The Lease Order granted Appellee Barry R. Sharer's ("Trustee") motion authorizing the lease of real property located at 21 Bridge Street, Metuchen, New Jersey (the "Property"). (*Id.*) After careful consideration and for the reasons set forth below, the Court denies Debtor's appeal and affirms the Bankruptcy Court's Lease Order.

**I.**   <u>**Jurisdiction and Standard of Review**</u>[1]

  A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a) (2010). The standard of review for bankruptcy court decisions

---

[1] The Court assumes familiarity with the facts, which are set forth in detail in *Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. Apr. 16, 2015).

"is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a clearly erroneous standard, where factual findings may only be overturned "when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions, on the other hand, are subject to *de novo*, or plenary, review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, "the district court may only inquire whether the [bankruptcy court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Id.* (citing *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987)).

**II.     Discussion**

The issue on appeal is whether the Bankruptcy Court abused its discretion in granting the Lease Order authorizing the lease of the Property. Debtor argues that the Bankruptcy Court abused its discretion in granting the Lease Order because the Bankruptcy Court: (1) operated a faulty ECF/CM filing system; (2) retroactively granted Trustee's attorney immunity from offenses; and (3) ignored Debtor's allegation that Trustee "had been stealing, embezzling, and siphoning from [Debtor]." (Appellant's Moving Br. 10, ECF No. 3.) In addition to these allegations, Debtor argues that "[t]he Bankruptcy Judge should be removed for incompetence and misconduct for knowingly operating a faulty ECF/CM filing system."[2] (*Id.* at 11.) Trustee counters that Debtor's appeal

---

[2] The Court notes that Debtor's arguments on this appeal are entirely identical to the arguments made in support of her appeal from the Bankruptcy Court's decision authorizing the Sale Order. *See In re Lin*, No. 15-8039 (D.N.J. filed Nov. 10, 2015).

2

should be dismissed because Debtor's arguments on appeal were never raised in her opposition to the motion authorizing the Lease Order.

The Court will not consider Debtor's arguments on appeal, as they were not raised in the Bankruptcy Court proceedings. The Third Circuit has consistently recognized that "an appeals court will not consider issues not raised in the court below." *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 212 (3d Cir. 1995) (quoting *Trailways Lines, Inc. v. Trailways, Inc. Joint Council of Amalgamated Transit Union*, 785 F.2d 101, 104 n.2 (3d Cir. 1986)); *see also In re Elian*, No. 15-242, 2015 WL 5164796, at *5 (D.N.J. Sept. 2, 2015) (quoting *United States v. Dell'Aquilla*, 150 F.3d 329, 334-35 (3d Cir. 1998)) ("[A]bsent exceptional circumstances, an issue not raised in [bankruptcy] court will not be heard on appeal.").

Here, Debtor's sole argument before the Bankruptcy Court opposing the Lease Order was that the Bankruptcy Court did not have jurisdiction to grant the Lease Order because of the possible reversal of two Bankruptcy Court orders that Debtor previously appealed. *See In re Lin*, No. 15-8039 (D.N.J. filed Nov. 10, 2015). The Bankruptcy Court noted that Debtor's objection to the Lease Order was "almost word-for-word the same objection that the Debtor filed . . . in opposition to the sale itself."[3] (Mot. Hr'g Tr. 7:17-19, Feb. 9, 2016, ECF No. 7.) In contrast, Debtor's appeal alleges that the Bankruptcy Court conducted the proceedings improperly and that the Bankruptcy Judge should be removed. This argument was never raised in the Bankruptcy proceedings, and it is entirely unrelated to the Lease Order. As such, the Court will not consider Debtor's new arguments on appeal.

---

[3] The Bankruptcy Court also stated that Debtor's opposition to the Lease Order was the third time that Debtor interposed Trustee's motion with "a baseless objection premised . . . solely on the pendency of appeals." (Mot. Hr'g Tr. 7:19-21, Feb. 9, 2016.)

## III. Conclusion

For the reasons set forth above, Debtor's appeal is denied, and the Lease Order is affirmed.

An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 22, 2016